UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHARLES MILLER<br><br>Plaintiff,<br><br>-vs.-<br><br>CITIMORTGAGE, INC. and<br>NATIONSTAR MORTGAGE,<br><br>Defendant(s). | Case #: 6:11-CV-1337-ORL-22DAB |

**DEFENDANT NATIONSTAR MORTGAGE'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**COMES NOW**, the Defendant Nationstar Mortgage ("Nationstar") by and through its undersigned attorneys, and hereby answers Count III and Count IV of the First Amended Complaint filed by Charles Miller ("Plaintiff").

1. In response to Paragraph 1 of Plaintiff's First Amended Complaint, Nationstar states that this paragraph consists of legal citations to which no response is required by Nationstar. To the extent a response is required, Paragraph 1 of the First Amended Complaint is hereby denied.

2. In response to Paragraph 2 of Plaintiff's First Amended Complaint, Nationstar does not contest jurisdiction of this Court over either the parties or subject matter of this action.

3. In response to Paragraph 3 of Plaintiff's First Amended Complaint, Nationstar does not contest the venue of this proceeding.

1

4. In response to Paragraph 4 of Plaintiff's First Amended Complaint, Nationstar does not contest the subject matter jurisdiction of the Court. In all other respects, Paragraph 4 of Plaintiff's First Amended Complaint is hereby denied.

5. In response to Paragraph 5 of Plaintiff's First Amended Complaint, Nationstar has insufficient knowledge and information to either admit or deny the allegation set forth in this paragraph, therefore Nationstar denies same.

6. In response to Paragraph 6 of Plaintiff's First Amended Complaint, Nationstar has insufficient knowledge and information to either admit or deny the allegation set forth in this paragraph, therefore Nationstar denies same.

7. Nationstar admits Paragraph 7 of Plaintiff's First Amended Complaint.

8. Nationstar admits Paragraph 8 of Plaintiff's First Amended Complaint.

9. Nationstar denies Paragraph 9 of Plaintiff's First Amended Complaint.

10. Nationstar admits Paragraph 10 of Plaintiff's First Amended Complaint.

11. Nationstar denies Paragraph 9 of Plaintiff's First Amended Complaint.

12. Nationstar denies Paragraph 9 of Plaintiff's First Amended Complaint.

13. Nationstar denies Paragraph 9 of Plaintiff's First Amended Complaint.

14. Paragraph 14 of Plaintiff's First Amended Complaint is not directed to Nationstar. However, to the extent an answer is deemed necessary, Nationstar has insufficient information or knowledge to either admit or deny the allegations contained in the paragraph, therefore denied.

15. Paragraph 15 of Plaintiff's First Amended Complaint is not directed to Nationstar. However, to the extent an answer is deemed necessary, Nationstar has insufficient information or knowledge to either admit or deny the allegations contained in the paragraph, therefore denied.

16. Paragraph 16 of Plaintiff's First Amended Complaint is not directed to Nationstar. However, to the extent an answer is deemed necessary, Nationstar has insufficient information or knowledge to either admit or deny the allegations contained in the paragraph, therefore denied.

17. Paragraph 17 of Plaintiff's First Amended Complaint is not directed to Nationstar. However, to the extent an answer is deemed necessary, Nationstar has insufficient information or knowledge to either admit or deny the allegations contained in the paragraph, therefore denied.

18. Paragraph 18 of Plaintiff's First Amended Complaint is not directed to Nationstar. However, to the extent an answer is deemed necessary, Nationstar has insufficient information or knowledge to either admit or deny the allegations contained in the paragraph, therefore denied.

19. Paragraph 19 of Plaintiff's First Amended Complaint is not directed to Nationstar. However, to the extent an answer is deemed necessary, Nationstar has insufficient information or knowledge to either admit or deny the allegations contained in the paragraph, therefore denied.

20. Paragraph 20 of Plaintiff's First Amended Complaint is not directed to Nationstar. However, to the extent an answer is deemed necessary, Nationstar has insufficient information or knowledge to either admit or deny the allegations contained in the paragraph, therefore denied.

21. Paragraph 21 of Plaintiff's First Amended Complaint is not directed to Nationstar. However, to the extent an answer is deemed necessary, Nationstar has insufficient information or knowledge to either admit or deny the allegations contained in the paragraph, therefore denied.

22. Paragraph 22 of Plaintiff's First Amended Complaint is not directed to Nationstar. However, to the extent an answer is deemed necessary, Nationstar has insufficient information or knowledge to either admit or deny the allegations contained in the paragraph, therefore denied.

23. Paragraph 23 of Plaintiff's First Amended Complaint in the first sentence is directed toward Nationstar and that sentence is admitted. The second sentence of this paragraph

is not directed toward Nationstar and Nationstar is without sufficient knowledge to admit or deny, therefore denied. However, to the extent an answer is deemed necessary for this Paragraph, denied.

24. Paragraph 24 of Plaintiff's First Amended Complaint is like unto its Paragraph 23 wherein the first sentence is directed to Nationstar and this sentence is admitted as to obtaining the credit report, however the second part of the sentence which is a conclusion "reducing his credit score" is denied. The second sentence is not directed to Nationstar, and Nationstar is without knowledge to either admit or deny the allegations contained in the second sentence, therefore denied. However, to the extent an answer is deemed necessary for this Paragraph, denied.

25. In response to Paragraph 25 of Plaintiff's First Amended Complaint, Nationstar has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 25, and therefore denies same.

26. Nationstar denies Paragraph 26 of Plaintiff's First Amended Complaint.

27. Nationstar denies Paragraph 26 of Plaintiff's First Amended Complaint.

28. Nationstar acknowledges that it received the letter referenced in Paragraph 28 of Plaintiff's First Amended Complaint, but denies that the letter is a Qualified Written Request as that term is used in the RESPA Statute. In all other respects regarding this Paragraph 28, of Plaintiff's First Amended Complaint, Defendant denies the allegations and demand strict proof thereof.

29. Nationstar admits Paragraph 29.

30. Nationstar admits Paragraph 30 of Plaintiff's First Amended Complaint, but denies that Nationstar had any duty to answer Plaintiff's purported Qualified Written Request.

31. Nationstar denies the allegations contained in Paragraph 31 and requires strict proof thereof.

32. Paragraph 32 is not directed to Nationstar, however to the extent that an answer is deemed necessary, Nationstar has insufficient knowledge or information to either admit or deny said allegations and therefore denies same.

33. Paragraph 33 is not directed to Nationstar, however to the extent that an answer is deemed necessary, Nationstar has insufficient knowledge or information to either admit or deny said allegations and therefore denies same.

34. Paragraph 34 is not directed to Nationstar, however to the extent that an answer is deemed necessary, Nationstar has insufficient knowledge or information to either admit or deny said allegations and therefore denies same.

35. Defendant Nationstar denies this allegation contained in Paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendant Nationstar admits the allegation as to the first sentence of Paragraph 36, however Nationstar does not have sufficient knowledge or information as to Plaintiff's reliance, therefore this sentence is denied. However, as to the extent an answer is necessary, Nationstar admits the allegation.

37. Nationstar denies Paragraph 37.

## COUNT III OF PLAINTIFF'S FIRST AMENDED COMPLAINT (FCRA)

45. In response to Paragraph 45, Nationstar restates its response to Paragraphs 1 through 37 of Plaintiff's First Amended Complaint as if restated herein.

46. Nationstar admits Paragraph 46.

47. Nationstar admits Paragraph 47.

48. Nationstar denies Paragraph 48.

  (a) Nationstar denies Paragraph 48(a) to the extent that this sub-paragraph is directed to Nationstar.

  (b) Nationstar denies Paragraph 48(b) to the extent that this sub-paragraph is directed to Nationstar.

**FIRST AFFIRMATIVE DEFENSE**

Nationstar states that Plaintiff's First Amended Complaint fails to state a cause of action upon which relief may be granted for failure to allege sufficient facts that would support any such claim against Nationstar.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff is precluded from any equitable relief, as between himself and Nationstar, by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovery as he had failed to mitigate his damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has suffered no damages as a result of any acts or omissions of Nationstar. Any such actions or omissions were the result of the Defendant's own actions or of actions of third parties over which Nationstar has no control.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovery in this action as any alleged violation of the law or damages suffered wee due to the affirmative actions and/or omissions of the Plaintiff or others, and do not give rise to any claim of damages against Nationstar under the FCRA. Specifically,

Plaintiff has defaulted on his obligations under the loan serviced by Nationstar, and any reporting of that information to Consumer Reporting Agencies, collection activities arising from the default, and transfer of service were undertaken by Nationstar as permitted by the loan documents which were executed by the Plaintiff and applicable statutes.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims as against Nationstar, in whole or in part, are precluded for failure of one or more conditions precedent.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege necessary facts to seek statutory damages under RESPA. Such recovery depends upon a "pattern or practice" of noncompliance with RESPA or actual damages. See 12 U.S.C. §2605(f)(1). No factual allegations of the existence of any such actual damages, or the existence of any prohibited pattern or practice, are present in Plaintiff's First Amended Complaint. Accordingly, Plaintiff's RESPA allegations do not support a claim for statutory damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's purported Qualified Written Request(s) does not seek an inquiry to those matters set forth in 12 U.S.C. § 2605(e)(1-2), and, as such, did not qualify as a Qualified Written Request under the RESPA Statute. Nationstar has the option under RESPA to either make corrections to the account or explain why it does not believe any such corrections are necessary. It has no obligation to respond to voluminous inquiries that are not tied to some allegation of misapplied funds; the "answers to more than 200 questions" sought by the Plaintiff did not qualify as a Qualified Written Request under RESPA.

### NINTH AFFIRMATIVE DEFENSE

Nationstar's access to and use of the Plaintiff's credit report were privileged because of the continuing business relationship with the Plaintiff at the time that the reports were accessed and because such access was specifically permitted under the loss mitigation requests made by the Plaintiff. By his own admission, Plaintiff executed a Mortgage that was transferred from Citimortage Inc. to Nationstar. See ¶¶8, 21, 22 of Plaintiff's First Amended Complaint. As a consequence, Nationstar would be entitled under 15 U.S.C. § 1681b(a)(3)(F)(i) to obtain consumer credit reports as needed. "Under the Act, a consumer reporting agency may furnish a consumer report to a person who intends to use the information for a legitimate business need in connection with a business transaction that is initiated by the consumer." Wilting v. Progressive County Mutual Insurance Company, 227 F.3d 474, 475-476 (5th Cir. Tex. 2000) (citing 15 U.S.C. § 1681b(a)(3)(F)(i). The FCRA specifically lists the use of consumer credit report "to review an account to determine whether the consumer continues to meet the terms of the account" as a permissible purpose. See 15 U.S.C. § 1881b(a)(3)(F)(ii).

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from any recovery in this matter because any statements Nationstar made to consumer reporting agencies in this matter were truthful and were privileged as a result of the same

### COUNT IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT (FDCPA)

49. In response to paragraph 49, Nationstar restates its responses to paragraphs 1 through 37 of Plaintiff's First Amended Complaint as if restated herein.

50. Nationstar admits Paragraph 50.

51. Nationstar denies Paragraph 51.

52. Nationstar admits Paragraph 52, but denies the sub-parts as listed below:

(a) Denied.

(b) Denied.

(c) Denied.

(d) Denied.

(e) Denied.

(f) Denied.

(g) Denied.

(h) Denied.

(i) Denied.

### FIRST AFFIRMATIVE DEFENSE

Nationstar states that Plaintiff's First Amended Complaint fails to state a cause of action upon which relief may be granted for failure to allege sufficient facts that would support any such claim against Nationstar.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is precluded from any equitable relief, as between himself and Nationstar, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery as he had failed to mitigate his damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of Nationstar. Any such actions or omissions were the result of the Defendant's own actions.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery in this action as any alleged violation of the law or damages suffered were due to the affirmative actions and/or omissions of the Plaintiff or others, and do not give rise to any claim of damages against Nationstar under the FDCPA. Specifically, Plaintiff has defaulted on his obligations under the loan serviced by Nationstar, and any reporting of that information to Consumer Reporting Agencies, collection activities arising from the default, and transfer of service were undertaken by Nationstar as permitted by the loan documents which were executed by the Plaintiff and applicable statutes.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims as against Nationstar, in whole or in part, are precluded for failure of one or more conditions precedent.

## SEVENTH AFFIRMATIVE DEFENSE

Nationstar's access and use of Plaintiff's credit reports were privileged because of the continuing business relationship with Plaintiff at the time the reports were accessed and because such access was specifically permitted by the loss mitigation requests made by the Plaintiff. By his own admission, Plaintiff executed a Mortgage that was transferred to Nationstar.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from any recovery in this matter because any statements Nationstar made concerning the debt were not false, nor was Nationstar engaged in deceptive practices to obtain collection of the debt owed by the Plaintiff on the loan being serviced by Nationstar.

WHEREFORE, Defendant Nationstar Mortgage respectfully requests this Court enter an Order dismissing Counts III and IV of the Plaintiff's First Amended Complaint with prejudice, an award of attorneys' fees and costs, and such other relief as is proper.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 15, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/EMF system. I further certify that the foregoing document is being served this day on all counsel or record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing. A true and correct copy of the foregoing has been furnished

Charles Miller, PO Box 151021, Altamonte Springs, FL 32715 (Served by US Mail)

CITIMORTGAGE, c/o Louis M. Ursini III, Esq., 101 East Kennedy Boulevard, Suite 4000, Tampa, FL 33602 (Served via ECF)

SHAPIRO, FISHMAN & GACHÉ, LLP
Attorneys for Defendant Nationstar Mortgage
4630 Woodland Corporate Blvd.
Suite 100
Tampa, FL 33614
Telephone: (813) 880-8888
Fax: (813) 880-8800

By: _____
Frances E. Johnson, Esq.
FL Bar # 543055

"THIS COMMUNICATION, FROM A DEBT COLLECTOR, IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

11-235824 LIT01 CXE